**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ALONZO BROWN,

                              Plaintiff,

    v.                                                     No. 08-CV-105
                                                        (TJM/DRH)

DAME, Correction Officer;

                              Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| ALONZO BROWN<br>Plaintiff Pro Se<br>02-A-3696<br>Sing Sing Correctional Facility<br>354 Hunter Street<br>Ossining, New York 10562 | |
| HON. ANDREW M. CUOMO<br>Attorney General for the<br>   State of New York<br>Attorney for Defendant<br>The Capitol<br>Albany, New York 12224-0341 | ADELE M. TAYLOR-SCOTT, ESQ.<br>Assistant Attorney General |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Plaintiff pro se Alonzo Brown ("Brown"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant, a DOCS employee, violated his constitutional rights under the Eighth Amendment. Second Am. Compl. (Dkt. No. 16). Presently pending is defendant's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Dkt. No. 27. Brown has not

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

responded to the motion. For the following reasons, it is recommended that defendant's motion be granted.

## I. Failure to Respond

Brown did not oppose defendant's motion. The failure to respond continued even after the Court, acting sua sponte, granted Brown an extension of time to file a response and reminded him of the consequences of failing to do so. See Dkt. Nos. 29, 30.

"Summary judgment should not be entered by default against a pro se plaintiff who has not been given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Defendant provided such notice in his Notice of Motion here. Dkt. No. 27 at 1. The Court reiterated that notice in its order. Dkt. No. 29. Despite these notices, Brown failed to respond. "The fact that there has been no response to a summary judgment motion does not . . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 436. Even in the absence of a response, a defendant is entitled to summary judgment only if the material facts demonstrate his or her entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). Because Brown has not responded to raise any question of material fact, the facts as set forth in defendant's Rule 7.1 Statement of Material Facts (Dkt. No. 27-1) [hereinafter "Def. Statement"] are accepted as true. Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)); see also N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted any facts set forth in the Statement of Material Facts that the

opposing party does not specifically controvert.") (emphasis in original).

## II. Background

On December 31, 2007, Brown was involved in a verbal altercation with another inmate. Def. Statement ¶ 2. Defendant Dame, a corrections officer, responded to the altercation, giving Brown multiple direct orders to place his hands on the wall in the hallway. Id. ¶¶ 3-4. Brown "continued to be verbally belligerent," and recoiled when Dame placed his hands on Brown's back. Id. ¶¶ 5-6. Dame believed Brown was attempting to hit him, so he used force to bring Brown to the floor where other officers assisted Dame in bringing Brown under control by applying leg and wrist restraints. Id. ¶¶ 7-10. Dame did not place any of the restraints on Brown or maintain control of Brown after the use of force or during the escort to the infirmary. Id. ¶¶ 12-13.

Brown alleged numbness in his fingers due to his wrists being squeezed while in the restraints. Def. Statement ¶ 11.[2] A nurse at the infirmary examined Brown and noted no injuries to his wrist or body. Id. ¶ 14. No grievance was filed in connection with the incident. Id. ¶ 16. This action followed.

## III. Discussion

In his second amended complaint, Brown alleges that his Eighth Amendment rights were violated when he was subjected to excessive force and deliberate indifference to his

---

[2] During Brown's deposition, he also indicated that Dame subjected him to a "choke hold." Def. Memorandum of Law (Dkt. No.27-4) at 9 n.2 (citing Brown Dep. (Dkt. No. 27-2) at 44)). However, no significant injury resulted. Def. Statement ¶ 14.

medical care.  Defendant moves for summary judgment because (1) Brown failed to exhaust his administrative remedies, (2) there is no merit for the Eighth Amendment claims, and (3) Dame is entitled to qualified immunity.

### A. Legal Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).

When, as here, a party seeks dismissal or summary judgment against a pro se litigant, a

4

court must afford the non-movant special solicitude. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); see also Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts that 'when [a] plaintiff proceeds *pro se*, ... a court is obliged to construe his pleadings liberally.'" (citations omitted)).  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion; the requirement is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

### B. Failure to Exhaust

Under 42 U.S.C. § 1997e(a), an inmate must exhaust all administrative remedies prior to bringing any suits challenging prison conditions, including federal civil rights cases. Porter v. Nussle, 534 U.S. 516, 524 (2002); see also Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006).  This exhaustion requirement applies to all prison condition claims. Porter, 534 U.S. at 532.  "[A]ny deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement." Jenkins v. Haubert, 179 F.3d 19, 28 (2d Cir. 1999). The exhaustion requirement also applies even if the administrative grievance process does not provide for all the relief requested by the inmate. Nussle, 534 U.S. at 524.

While the Supreme Court has deemed exhaustion mandatory, the Second Circuit has recognized that "certain caveats apply." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006) (citing Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004)).  Exhaustion for an inmate in DOCS custody is generally achieved through the Inmate Grievance Program

5

(IGP).³  See N.Y. Comp. Codes R. & Regs. tit. 7, § 701.1 et seq..  However, when inmates fail to follow the IGP, a court must conduct a three-part inquiry to determine if such failure is fatal to their claims.  A court must consider whether

> (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement.

Ruggiero, 467 F.3d at 175 (citing Hemphill v. New York, 380 F.3d 680, 686 (2d Cir. 2004)).

Administrative remedies are unavailable when there is no "possibility of [] relief for the action complained of." Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (citing Booth v. Churner, 532 U.S. 731, 738 (2001)).  The test to determine the availability of an administrative remedy is an objective one asking whether "a similarly situated individual of ordinary firmness" would have deemed it accessible.  Id. at 688.  Courts have found unavailability "where plaintiff is unaware of the grievance procedures or did not understand it or where defendants' behavior prevents plaintiff from seeking administrative remedies." Hargrove v. Riley, No. CV-04-4587 (DST), 2007 WL 389003, at *8 (E.D.N.Y. 2007) (internal citations omitted).

Here, Brown has undeniably failed to follow the IGP.  There is no indication in the record that Brown was unfamiliar with the procedures or that they were in any way inaccessible to him.  Brown does not allege, nor does the record support, a contention that he did not

---

³"he IGP is a three-step process that requires an inmate to: (1) file a grievance with the IGRC [Inmate Grievance Resolution Committee]; (2) appeal to the superintendent within four working days of receiving the IGRC's written response, and (3) appeal to the CORC [Central Office Review Committee] ... within four working days of receipt of the superintendent's written response." Abney v. McGinnis, 380 F.3d 663, 668 (2d Cir.2004) (internal citations omitted).

6

understand the procedure or that Brown was precluded from engaging in the procedure. It appears that Brown simply failed to participate in the mandatory administrative system.[4] This failure is fatal to Brown's claim. See generally Harris v. Gunderman, 30 F. Supp. 2d 664, 665 (S.D.N.Y. 1999) (dismissing claim pursuant to the PLRA because "the exhaustion requirement [is] mandatory rather than directory . . . .").

Therefore, defendants' motion for summary judgment should be granted on this ground.

### B. Eighth Amendment[5]

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. Const. amend. VIII. Inmates enjoy an Eighth Amendment protection against the use of excessive force and may recover damages for its violation under § 1983. Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." Gregg v. Georgia, 428 U.S. 153, 173 (1976); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000).

---

[4] Brown testified that he never submitted a grievance and asked an unidentified person to submit a grievance on his behalf but was unaware of the status of that request. Def. Mem. of Law at 4 (citing Brown Dep. at 61-62). Regardless of the testimony, it is clear that Brown never filed a grievance and that no special circumstances existed which precluded him from participating in the administrative process.

[5] To the extent that, in liberally construing Brown's complaint, he has alleged an Eighth Amendment violation about the provision of medical care, such allegations are not appropriately litigated here. Brown has failed to name any individual from the medical staff that was personally involved in his care. See e.g., Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citations omitted). Moreover, Dame was not involved in Brown's transport to the infirmary, so his actions are irrelevant to the care Brown received. Id. To the extent that a claim may lie for deliberate indifference, it is against other individuals that are not named defendants in the present case. As such, Brown's medical treatment need not be further addressed.

To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999).

The objective element is "responsive to contemporary standards of decency" and requires a showing that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection." Hudson, 503 U.S. at 9 (internal citations omitted); Blyden, 186 F.3d at 262. However, "the malicious use of force to cause harm constitute[s] [an] Eighth Amendment violation per se" regardless of the seriousness of the injuries. Blyden, 186 F.3d at 263 (citing Hudson, 503 U.S. at 9). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Hudson, 503 U.S. at 9-10 (citations omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Sims, 230 F.3d at 22 (citation omitted).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness." Id. at 21 (citation omitted). The wantonness inquiry "turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Id. (quoting Hudson, 503 U.S. at 7). In determining whether defendants acted in a malicious or wanton manner, the Second Circuit has identified five factors to consider: "the extent of the injury and the mental state of the defendant[;] . . . the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity

8

of a forceful response." Scott v. Coughlin, 344 F.3d 282, 291 (2d Cir. 2003) (internal quotation marks and citations omitted).

In this case, Brown fails both prongs of the Eighth Amendment analysis. Dame's exertion of force resulted in no medically determinable injury to Brown. Additionally, nothing in the record indicates that Dame's actions were malicious or repugnant to society. After responding to an altercation, Dame repeatedly ordered Brown to place his hands on the wall and Brown repeatedly failed to comply. When Brown finally did comply, Dame reasonably perceived that Brown might strike Dame. Dame's actions in bringing Brown to the floor were reasonably necessary to quell the situation, calm Brown, and keep everyone safe.

Additionally, Brown has failed to allege, and the record does not support, that Dame was acting wantonly, maliciously, or sadistically. His actions were reasonable and applied in good faith to keep himself safe and restrain an aggressive inmate in the most efficient and effective way possible. This is demonstrated by Brown's lack of bodily injury, the reasonableness of the force used, the limited extent of force applied, and the time which elapsed between application of the force and repeated attempts to gain Brown's compliance. See Anderson v. Sullivan, 702 F. Supp. 424, 426-27 (S.D.N.Y. 1988) (granting summary judgment where inmate has no medically determinable injuries after being pushed into a bar which being restrained); Estes-El v. State of New York, 522 F. Supp. 885, 890 (S.D.N.Y. 1982) (holding that a man who sustained no physical injury was not subjected to excessive force when he was handcuffed, shackled to a wall, and forced to remove his headgear).

9

Accordingly, in the alternative, defendant's motion for summary judgment should be granted on this ground.

### C. Qualified Immunity

Dame also contends that he is entitled to qualified immunity.  Qualified immunity generally protects governmental officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002) (McAvoy, J.), aff'd, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003).  However, even if the constitutional privileges "are clearly established, a government actor may still be shielded by qualified immunity if it was objectively reasonable for the . . . official to believe that his [or her] acts did not violate those rights." Smith v. City of Albany, No. 03-CV-1157, 2006 WL 839525, at *16 (N.D.N.Y. Mar. 27, 2006) (quoting Kaminsky v. Rosenblum, 929 F.2d 922, 925 (2d Cir. 1991); Magnotti v. Kuntz, 918 F.2d 364, 367 (2d Cir. 1990) (internal citations omitted)).

A court must first determine whether, if plaintiff's allegations are accepted as true, there would be a constitutional violation.  Saucier v. Katz, 533 U.S. 194, 201 (2001).  Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation.  Aiken, 236 F. Supp. 2d at 230.  Here, the second prong of the inquiry need not be reached because, as discussed supra, it has not been shown that Dame violated Brown's constitutional rights.

Therefore, it is recommended in the alternative that Dame's motion on this ground be

granted.

## IV.  Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendant's motion for summary judgment (Dkt. No. 27)  be **GRANTED** and that judgment be granted to defendant on all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  February 5, 2010
         Albany, New York

_David R. Homer_
United States Magistrate Judge